UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lawrence Fyhrie, Carolyn Fyhrie
Todd Fyhrie, and Troy Fyhrie,
on their own and on behalf of all
others similarly situated,

Plaintiffs,

v.

Fleet Mortgage Corporation,
and John Does 1-12,

Defendants.

Civil No. 01-643 RHK/AJB

**MEMORANDUM OPINION AND ORDER**

---

Richard A. Lockridge and Robert K. Shelquist, Lockridge, Grindal, Nauen, P.L.L.P., Minneapolis, Minnesota, for Plaintiff.

Amy R. Sabrin, Skadden, Arps, Slate, Meagher & Flom, L.L.P., Washington D.C., and Lisa Agrimonti, Briggs and Morgan, P.A., Saint Paul, Minnesota, for Defendant Fleet Mortgage Corporation.

---

## Introduction

The named Plaintiffs in the above captioned matter (collectively "the Fyhries") have brought a putative nationwide consumer class action in Otter Tail County District Court in the State of Minnesota against the Defendant Fleet Mortgage Corporation ("Fleet"), a South Carolina corporation, and John Does 1 through 12, telemarketers and/or affiliates of Fleet. The Fyhries allege that Fleet and the John Doe defendants have violated several Minnesota statutes including consumer protection laws, solicitation of



FILED JUL 0 9 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED JUL 0 9 20
DEPUTY CLERK'S INITIALS ______

sales laws, and privacy laws, and have violated the common law. On April 12, 2001, Fleet removed the action to this Court solely on the grounds of diversity jurisdiction.

Before the Court is the Fyhries' motion to remand the action to state court pursuant to 28 U.S.C. § 1447. The Fyhries contend that Fleet cannot establish that each of their claims, and the claims of each class member will exceed $75,000, the amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a). Fleet responds that the Plaintiffs' equitable claim for disgorgement of profits, brought on behalf of the class, creates a "single fund" claim involving an amount in excess of $75,000 that may be attributed to each class member and, hence, satisfy the amount in controversy requirement of § 1332. For the reasons set forth below, the Court will grant the motion.

## Background

The Fyhries are former customers of Fleet whose residential mortgages were either originated, serviced, or otherwise held by Fleet. (Compl. ¶¶ 4-7.) The Fyhries allege that Fleet provided confidential customer information to third party telemarketers, allowing those telemarketers to mislead and confuse Plaintiffs and members of the class with various sales schemes. (See generally Compl. ¶¶ 35-40, 50-64.) These schemes were allegedly structured such that customers were led to believe that the third party telemarketers were associated with Fleet, but were misled as to whether or how they would be charged. Fleet also allegedly provided to the telemarketers the ability to directly charge the customers' mortgage accounts without approval, and assumed

responsibility for the billing and collection of fees from successful sales (deriving a percentage benefit of the amount paid by each customer). (Compl. ¶¶ 41, 65-69.)

The Fyhries have brought suit on behalf of themselves and a nationwide class consisting of all persons having mortgages with or through Fleet who have had their account information shared or supplied by Fleet to any third person for purposes other than mortgage servicing between June 30, 1994, and June 30, 2000. (Compl. ¶ 10.)

**Analysis**

## I. Standard of Decision

Where a case has been removed from state court to federal court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In applying § 1447(c), the federal courts have established a presumption in favor of state court jurisdiction. As a result, the party seeking removal bears the burden in showing the action was properly removed, and all doubts as to the propriety of the removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).

Section 1332 of Title 28 of the United States Code provides, in relevant part, that district courts shall have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and where there is diversity of citizenship. See 28 U.S.C. 1332(a). The parties here agree that there is complete diversity of citizenship. The dispute over whether remand is appropriate centers on whether the "amount in

controversy" has been met.

## II. Determining the Amount in Controversy

Generally, one cannot aggregate damages in calculating the amount in controversy with respect to a class action; the claim of each individual class member must satisfy the $75,000 amount in controversy. See Zahn v. Int'l Paper Co., 414 U.S. 291, 294-95 (1973); Trimble v. Asarco, Inc., 232 F.3d 946, 960 (8th Cir. 2000); In re Potash Antitrust Litig., 866 F. Supp. 406, 410 (D. Minn. 1994) (Kyle, J.). There is an exception, however, for situations in which the plaintiff class attempts to "enforce a single title or right, in which they have a common and undivided interest." Zahn, 414 U.S. at 294 (1973). For instance, in cases "which involve a single indivisible res such as an estate, a piece of property (the classic example), or an insurance policy," the amount of the res, property, or policy may be applied to each member of the class for purposes of determining the amount in controversy. Peterson v. BASF Corp., 12 F. Supp. 2d 964, 972 (D. Minn. 1998) (Tunheim, J.).

In their class complaint, the Fyhries assert an equitable claim for breach of fiduciary duty, (Compl. ¶¶ 89-92), for which they seek an award of "all profits and revenue defendant [Fleet] made as a result of this breach . . . ." (Id. ¶ 92.) Thus, in their prayer for relief, the Fyhries ask for the entry of a judgment against Fleet which includes "requiring defendant to forfeit all revenues made as a result of defendant's breach of their fiduciary duties owed to plaintiffs and the other members of the Class." (Compl. at 30.)

Fleet argues that this claim for disgorgement of profits and revenue falls within the scope of the "single fund/ single res" exception to the non-aggregation rule for determining the "amount in controversy."

The long-standing rule for determining whether class members' claims are subject to aggregation is as follows:

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdiction amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

Troy Bank of Troy, Inc. v. G.A. Whitehead & Co., 222 U.S. 39, 40-41 (1911) (emphasis added). There is a split of authority concerning whether a claim for disgorgement of profits falls within the exception to the non-aggregation rule for claims in which several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest. See In re Microsoft Corp. Antitrust Litig., 127 F. Supp. 2d 702, 720 (D. Md. 2001) (collecting cases). The Eighth Circuit has not addressed this issue. Judge Donovan Frank of this Court, however, has recently considered the "single fund" exception to the non-aggregation rule for class claims in Aetna/US Healthcare v. Hoechst Aktiengesellschaft, No. 99-124 (DWF/AJB) (D. Minn. Apr. 29, 1999) (attached as Ex. 2 to the Decl. of Gary DiBianco) (hereinafter "Aetna"). In Aetna, Judge Frank stated that the hallmark of an interest falling within the "single fund"exception to non-aggregation is

> that the amount of recovery is not dependent upon the number of plaintiffs or upon the actual magnitude of injury to each individual plaintiff; in other words, if the recovery is a single res or a single 'fund' which is to be divided among the plaintiffs, no matter how many plaintiffs there may be, then the value of that res or fund is attributable to each plaintiff's claim.

Aetna, slip op. at 6-7 (emphasis added).

In Aetna, the plaintiffs sought recovery, inter alia, of four payments made by one defendant to another, the amounts of which were independent of the number of plaintiffs or their individual damages. Aetna slip op. at 6. Fleet reads Aetna as holding that, where a class complaint seeks the disgorgement of profits derived from complained-of practices and that relief is not limited to amounts paid by individual plaintiffs, the remedy is independent of the number of plaintiffs in the class and represents a "single fund" case. Fleet argues that the Plaintiffs here, on behalf of the class, seek disgorgement of all revenues earned by Fleet, including revenues earned from customers who were not deceived by Fleet or otherwise have no claim against Fleet. Fleet contends that, because the Fyhries' equitable claim does not make relief contingent upon "individually quantifiable" claims, the class is asserting an undivided interest in the whole of Fleet's allegedly ill-gotten gains. Fleet has submitted the Declaration of Tamara L. Young, an assistant vice president at Fleet, who avers that the total revenues in question exceed $75,000 and, hence, satisfy the "amount in controversy" requirement.

The Court rejects Fleet's attempts to analogize this case to Aetna and to characterize the profits to be disgorged as a single fund in which all class members have a

common, undivided interest. The amount sought to be disgorged here is tied to the number of class members. The Complaint seeks the disgorgement of revenues earned as a result of Fleet's breach of the fiduciary duties it owed to plaintiffs and the other members of the class. Thus, contrary to Fleet's reading of the Complaint, the class would not be entitled to the disgorgement of profits or revenues earned from transactions involving Fleet customers who are not members of the class, customers who opt out of the class, or customers as to whom no breach of fiduciary duty can be established.

"[W]here . . . the equitable relief sought is but a means through which the individual claims may be satisfied, the ban on aggregation would apply with equal force to the equitable as well as the monetary relief." Barton Chem. Corp. v. Avis Rent-A-Car, 402 F. Supp. 1195, 1198 (D.C. Ill. 1975). On the facts of this case, the Court finds more persuasive the reasoning of those courts holding that disgorgement of profits does not fall within the exception to the non-aggregation rule. See Gilman v. BHC Secs. Inc., 104 F.3d 1418, 1426-28 (2d. Cir. 1997); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 54 F. Supp. 2d 1042, 1049-51 (D. Kan. 1999). Taking as true the allegations of the Complaint and resolving all doubts as to the propriety of the removal in favor of remand, the Court concludes that the Fyhries' class claim for disgorgement is dependent upon the number of plaintiffs in the class and, hence, does not represent a "single fund" claim falling within the exception to the non-aggregation rule.

## Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED THAT** Plaintiffs' Motion to Remand (Doc. Nos. 8 & 15) is **GRANTED**. The Clerk of Court is directed to remand this case to the Otter Tail County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 9, 2001

RICHARD H. KYLE
United States District Judge